

FILED
LORAIN COUNTY
2024 AUG 13 P 12: 15
COURT OF COMMON PLEAS
TOM ORLANDO

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. |
| SEARCH OF MERCY HEALTH LORAIN HOSPITAL, OF THE PERSON OF TONY HARRIS FOR BODY CAVITY SEARCH | ) ) ) ) ) ) ) ) ) | JUDGE CHRISTOPHER ROTHGERY<br><br>STATE'S MOTION FOR MERCY HOSPITAL TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT OF COURT |

Now comes the State of Ohio, by and through its counsel, and moves this Honorable Court to ORDER Mercy Health Hospital in Lorain, Ohio to show cause why it should not be held in contempt of court for refusing to comply with a lawful search warrant issued by this Court. Further argument in support of the State's motion follows below. The State requests an oral hearing date.

**I. THE COURT ISSUED A LAWFUL SEARCH WARRANT ON AUGUST 12, 2024 FOR A CAVITY SEARCH TO BE MADE OF TONY HARRIS FOR CONTRABAND.**

Following Harris' arrest for obstructing official business in violation of R.C. 2921.31, Lorain Police believed that Harris was hiding contraband in his anal cavity. Lorain Police conducted a pat-down of Harris's person and felt a non-anatomical bulge in his groin area. Lorain Police employed a strip search at the Lorain Police department station the evening of Saturday, August 10, 2024. During that strip-search, police observed a white object not consistent with a

part of the body in Harris's anus. Lorain Police then took Harris to the Lorain County Correctional Facility (Lorain County Jail) and employed the use of the body scanner on Harris. The body scanner noted the presence of an anomaly in the area of Harris' anus. Jail staff would not clear Harris to be admitted at that time, requiring him to be medically cleared prior to admission at the jail. Lorain Police then transported Harris to Mercy Health Hospital in Lorain, Ohio.

Around this time, Lorain Police Sergeant Christian Franco applied for and received a cavity search warrant from Judge James Miraldi on the evening of Saturday August 10, 2024. The warrant was addressed to Lorain Police, Lorain County Correctional Facility, or any authorized medical personnel acting as authorized agents of the Lorain Police or Lorain County Correctional Facility. Lorain Police presented the warrant to hospital staff at Mercy Health Hospital, who refused to conduct the search.

Around the time of the cavity search warrant being issued, Mercy Health Hospital staff conducted a CT scan of Harris' body and observed a golf-ball sized object of mixed density in Harris's anal cavity. Hospital staff apparently asked Harris for consent to remove the object, and Harris declined (knowing that the object would be turned over to police once removed).

On Monday August 12, 2024, Lorain Police Chief James McCann contacted Dr. Gil Palmer, President of Mercy Health Hospital in Lorain to ask why the warrant from August 10, 2024 had not been executed. Dr. Palmer replied that after consulting with his Mercy Health legal counsel, the Hospital would not be performing any procedure because the patient (Harris) would not give consent. McCann referred Dr. Palmer to the search warrant issued by Judge James Miraldi as authority and Dr. Palmer apparently replied that the warrant was not directed to Mercy Health Hospital and Mercy Health Hospital did not believe it was an agent of the Lorain Police.

Around the same time, Assistant Prosecutor Matthew Kern spoke by phone with Mercy Health legal counsel Michael Gross. Gross told Assistant Prosecutor Kern that Mercy Health Hospital was concerned about the potential civil liability to Harris for performing the search as ordered. Kern asked Gross for the case to which he was referring. Gross responded that it was Booker v. LaPaglia from the Sixth Circuit U.S. Court of Appeals.

On Monday August 12, 2024, at approximately 4:45 p.m., Lorain Police detective Craig Payne applied for and received a body cavity search warrant from Judge Christopher R. Rothgery. The warrant was specifically addressed to Mercy Health Hospital, three (3) specific doctors, and "any doctor in the Emergency Department or medical facility at Mercy Hospital." Lorain Police presented the warrant to a doctor in the emergency department. Following that doctor presenting the warrant to hospital staff and legal counsel for input, Mercy Health Hospital refused to comply with the Court's warrant and refused to conduct the search. This motion now follows.

## II. MERCY HEALTH HOSPITAL DOCTORS REFUSED TO CONDUCT THE SEARCH ORDERED BY THE COURT AT THE DIRECTION OF DR. GILL PALMER AND THEIR LEGAL COUNSEL.

Ohio law, R.C. 2933.32(B)(4), requires that cavity searches be performed only by a physician, registered nurse or licensed practical nurse who is registered or licensed to practice in this state. Accordingly, Lorain Police were statutorily barred from performing the search of Harris's anal cavity themselves. Rather, only registered or licensed medical staff could conduct the search. This Court specifically directed the cavity search warrant issued on August 12, 2024 to Mercy Health Hospital and medical staff, specifically a doctor, to perform the search of Harris's body for the contraband.

3

Despite the Order of the Court to conduct the search, which Order specifically said that "**YOU ARE HEREBY COMMANDED**" to search the individual for the property described, Mercy Health Hospital refused to conduct the search. Specifically, Mercy Health Hospital's President, Dr. Gil Palmer, and their legal counsel, Michael Gross, were specifically aware of both the original warrant issued by Judge James Miraldi and the second warrant specifically directed at Mercy Health Hospital prior to the Hospital refusing to comply with the warrant.

Moreover, Detective Craig Payne of the Lorain Police Department, who was the affiant on the second warrant, provided a copy of the warrant to a doctor at the Emergency Department of Mercy Health Hospital around 6:55 pm on August 12, 2024. That doctor consulted with hospital administration and presumably legal counsel before later informing Lorain Police officers that the Hospital would not be conducting the search.

The State asserts that Mercy Health Hospital willfully and intentionally disobeyed, disregarded, resisted, and refused to comply with the Court's lawful ORDER or command and that this act constitutes contempt under R.C. 2705.02(A).

### III. MERCY HEALTH HOSPITAL SHOULD SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT OF COURT.

It does not appear that there is any dispute whether Mercy Health Hospital, its doctors or medical staff, refused to comply with the Order or command of this Court from the cavity search warrant issued on August 12, 2024. The Hospital was specifically aware of the warrant – a copy was given to the Hospital around 6:55 p.m. with time to review it and comply. The Hospital informed Lorain Police officers that they would not comply with the Order or command and instead were refusing to conduct the search of Harris's person.

The Hospital's counsel cited a Sixth Circuit case, Booker v. LaPaglia, 617 Fed. Appx. 520 (6th Cir. July 10, 2015) (unpublished) to undersigned counsel during a phone call the afternoon of August 12, 2024. Mercy Health's counsel indicated that the decision meant that the Hospital could be liable to Harris for conducting the search over his refusal. Undersigned counsel noted to Mercy Health's counsel that the case involved a <u>warrantless</u> search of Booker's person by hospital staff acting only at the request of police. Moreover, the majority decision does not address whether the doctor or police officers were liable as they simply remanded the case to the district court to conduct an individual inquiry of each person's actions. Mercy Health's counsel appears to have focused mostly on the dissenting opinion by Judge Karen Nelson Moore whose opinion is twice the length of the majority. Even in her dissent, however, Judge Moore noted that the absence of a warrant in that case was "perhaps most significant[]" in her analysis. *Booker v. LaPaglia*, 617 Fed. Appx. 520, 532 (6th Cir. 2015) (unpublished) (Nelson Moore, J., dissenting).

Here, Lorain Police secured not one but two warrants for a cavity search of Harris's person. When Mercy Health Hospital stated that the first warrant was not directed to them specifically, Lorain Police obtained the second warrant which was directed at Mercy Health Hospital specifically. Mercy Health Hospital and its doctors and medical staff nevertheless refused to comply with the Order or command of this Court.

R.C. 2705.02 states that a person who commits any of the acts listed is guilty of contempt and may be punished. R.C. 2705.02(A) prohibits a person from "disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer."

Harris has since been released from police custody following Mercy Health Hospital's refusal to comply with the Court's order. Thus, there is no remedial effect in a contempt. Rather, the purpose of the contempt sought is punitive, designed to vindicate the authority of the Court,

making it criminal contempt. *E.g. In re: D.S.S.*, 2020 Ohio 5387, 163 N.E.3d 59 (11th Dist. Portage County 2020) at ¶ 13, quoting *In re Purola*, 73 Ohio App. 3d 306, 311, 596 N.E.2d 1140 (3rd Dist. 1991), itself quoting *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St. 3d 14, 16, 520 N.E.2d 1362 (1988). Civil contempt, on the other hand, must afford a contemnor an option to purge themselves of the contempt. *Id.*, citing *Cleveland v. Goodman*, 8th Dist. Cuyahoga No. 108120, 2020 Ohio 2713, at ¶ 30. As there is no opportunity here for Mercy Health Hospital to purge itself of this contempt through a remedial act, the State seeks criminal indirect contempt.

This would be an indirect criminal contempt proceeding as direct contempt must occur in the presence of or so near the court as to obstruct the due and orderly administration of justice. Indirect contempt, on the other hand, is "committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." *Id.* at ¶ 12, quoting *In re Lands*, 146 Ohio St. 589, 595, 67 N.E.2d 433 (1946) and citing *In re Purola*, 73 Ohio App. 3d 306, 310, 596 N.E.2d 1140 (3rd Dist. 1991).

Mercy Health Hospital willfully, intentionally, and knowingly disobeyed an order of this Court and the command of the warrant to search the person of Tony Harris for contraband. Mercy Health Hospital's only asserted reason why they have intentionally disobeyed and resisted a lawful Order issued pursuant to R.C. 2933.32 and Criminal Rule 41 is that they fear possible liability from Harris even though they would have been acting pursuant to Court order.

The State respectfully asks this Court to Order Mercy Health Hospital to show cause why it should not be held in contempt. The State will present evidence from Lorain Police officers as to the events of August 10, 2024 and August 12, 2024 and Mercy Health Hospital's knowing and willful refusals to follow court orders when that hearing is scheduled.

6

## IV. CONCLUSION

The State requests a hearing on its Motion for Mercy Health Hospital to Show Cause why it should not be held in indirect criminal contempt. At that hearing the State will present evidence of Mercy Health Hospital's willful disobedience of and refusal to submit to this Court's lawful order.

Respectfully submitted,

**J.D. TOMLINSON, #0081796**
Prosecuting Attorney
Lorain County, Ohio

By: *[signature]*

**MATTHEW A. KERN # 0086415**
Assistant Prosecuting Attorney
225 Court Street, 3rd Floor
Elyria, Ohio 44035
(440) 329-5389

## PROOF OF SERVICE

This is to certify that a copy of the foregoing *Motion to Show Cause*, was sent via U.S. Mail to: Dr. Gil Palmer, President of Mercy Health Hospital, Lorain, Ohio, this 13th day of August, 2024.

*[signature]*
MATTHEW A. KERN
Assistant Prosecuting Attorney

7