**EXHIBIT E**

| STATE OF OHIO | ) | **AFFIDAVIT OF GIL PALMER, MD** |
|---|---|---|
| | ) SS. | |
| COUNTY OF LORAIN | ) | |

Now comes Affiant, Gil Palmer, M.D., and being first duly sworn according to the law, states the following to be true:

1. I am over eighteen (18) years of age. I have personal knowledge of the facts contained within this Affidavit, and I am competent to testify to the matters herein. All the statements contained in this Affidavit are true and accurate and based on my personal knowledge, as well as my review of Tony Dawson-Harris' medical records.

2. Through my employment, I provide emergency healthcare services in the Mercy Health Lorain Emergency Department.

3. I am licensed to practice medicine in the State of Ohio, board-certified by the American Board of Family Medicine and the American Board of Physician Specialties – Emergency Medicine, and the President of Mercy Health Lorain.

4. I am aware of the search warrant filed in the Lorain County Court of Common Pleas, wherein I am named and commanded to perform a body cavity search on Tony Dawson-Harris.

5. On August 10, 2024, Mr. Dawson-Harris was detained by the Lorain Police Department and brought to Mercy Health Lorain for the purpose of removing a foreign object from Mr. Dawson-Harris' rectum, which they believed to be a bag containing drug paraphernalia.

6. Mr. Dawson-Harris consented to a CT scan, where it was confirmed that there was matter in his bowel; however, the nature of the matter could not be determined. Since this scan, Mr. Dawson-Harris has had a bowel movement, which was free of any foreign objects.

7. Mr. Dawson-Harris has refused to consent to any additional CT scans and/or imaging

studies.

8. At all times, Mr. Dawson-Harris has refused to consent to any type of manual rectal examination by any medical provider at Mercy Health Lorain.

9. The standard of care and best practice for retrieval of a foreign object in the rectum, if such an object exists, is to take the least invasive approach possible, such as allowing the object to pass naturally through a bowel movement.

10. Manually entering the rectum for the purpose of performing a cavity search is a highly invasive approach that increases the risk of perforating the bowel.

11. Manually entering the rectum for a cavity search also increases the risk of perforating any bag containing drugs, which the Lorain Police Department believe to be concealed in Mr. Dawson-Harris' rectum.

12. The interior walls of the anal cavity are highly absorptive. Should a bag containing an unknown quantity of an unknown drug indeed be concealed in Mr. Dawson-Harris' rectum, the perforation of that bag and subsequent release of the substance into Mr. Dawson-Harris' body has a high likelihood of being fatal.

13. Based on my evaluation of the clinical facts, as well as my education, training and experience in the field of medicine, and in accordance with accepted medical standards, I determined that a cavity search would be so highly dangerous and unnecessary as to rise to the level of medical battery.

14. It is my opinion that such a cavity search is unreasonable and the performance of such a search would be against my medical advice.

15. The performance of such an invasive cavity of search is contrary to my personal medical ethics and would subject not only the patient, but also myself and my medical license to

irreparable harm.

16. Regardless of the dangerous nature of performing the cavity search, Mr. Dawson-Harris is no longer a patient at Mercy Health Lorain, making the performance of any such cavity search impossible.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Gil Palmer, M.D.

Sworn to before me and signed in my presence this __14__ day of August 2024.

_____
NOTARY PUBLIC

JEANETTE C. MILKO
Notary Public, State of Ohio
My Commission Expires:
May 18, 2026

3