**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MERCY HEALTH—REGIONAL MEDICAL CENTER, *et al.*, | ) ) ) | Case No. 1:24-cv-2265 |
| | ) | Judge J. Philip Calabrese |
| Plaintiffs, | ) ) | |
| | ) | Magistrate Judge Reuben J. Sheperd |
| v. | ) | |
| | ) | |
| CITY OF LORAIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MINUTES AND ORDER

On December 31, 2024, the Court held a hearing by telephone to address Plaintiffs' motion for a temporary restraining order. Taylor Knight appeared for Plaintiffs; Matthew Kern from the Lorain County Prosecutor's Office also appeared. Despite its best efforts, the Court was unable to secure the attendance of any other counsel.

A temporary restraining order constitutes an extraordinary and emergency measure. *Corporate Lodging Consultants, Inc. v. Szafarski*, No. 1:21-cv-1611, 2021 WL 3709914, at *5 (N.D. Ohio Aug. 20, 2021) (quotation omitted). It aims "to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *Dow Chem. Co. v. Blum*, 469 F. Supp. 892, 901 (E.D. Mich. 1979). It seeks "to preserve the existing state of things until the rights of the parties can be fairly and fully investigated." *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985) (citation omitted).

To determine whether to grant a temporary restraining order, a court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable harm without the relief requested; (3) granting the relief requested will cause substantial harm to others; and (4) the public interest will be served by granting the relief requested. *See, e.g.*, *Corporate Lodging Consultants*, 2021 WL 3709914, at *5. Although no single factor is determinative, a finding that the party is likely to succeed on the merits weighs strongly. Indeed, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). On a motion for a temporary restraining order, irreparable harm looms large in the analysis. *Corporate Lodging Consultants*, 2021 WL 3709914, at *5 (collecting cases). These factors present considerations that must be balanced on the particular facts and circumstances of each case. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing cases).

After hearing from counsel about the events leading to the filing of this lawsuit, including the underlying proceedings in State court and the pending contempt proceeding there, and based on review of the verified complaint, Plaintiffs' motion, and the supporting exhibits, the Court denied the motion for a temporary restraining order for two reasons. First, based on the information provided about the termination of the contract at issue, the Court was unable to ascertain the likelihood of success on the merits without a more complete record. Second, before establishing likelihood of success on the merits, Plaintiffs must overcome any number of abstention doctrines

2

given the ongoing proceedings in State court.  Plaintiffs' verified complaint and papers supporting their motion for a temporary restraining order make no effort to explain why a federal court should proceed in the face of pending State litigation where the parties can fully and fairly litigate their competing positions.

Other reasons may also support denying a temporary restraining order.  For example, termination of the contract at issue took place on November 12, 2024.  (ECF No. 2, PageID #65.)  But Plaintiffs waited until the afternoon of the day before the effective date of that termination to bring a federal lawsuit.  A temporary restraining order presents extraordinary and emergency relief.  But the timing of this emergency is a product of Plaintiffs' decision not to file sooner.  Additionally, at least some of the harms Plaintiffs seek to remedy can be compensated through an award of damages.  Indeed, the verified complaint seeks monetary damages on each count.  (ECF No. 1, PageID #32–33.)

For all these reasons, after balancing the factors under Rule 65 based on the record as it stands now, the Court finds that Plaintiffs have not carried the burden necessary to obtain a temporary restraining order.

The Court **ORDERS** Plaintiffs to perfect service on Defendants, after which the Court will schedule a hearing to determine the next steps in the case, and to supplement the record with the contract at issue and the notice of termination precipitating this dispute.  The Court admonishes all parties of their obligations to preserve all documents and electronic information, including emails and text messages, whether on personal or business devices.

**SO ORDERED.**

Dated:  December 31, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4