IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MERCY HEATH – REGIONAL MEDICAL CENTER, *et al.* | ) ) ) ) ) | CASE NO. 1:24 CV 02265 |
| | | JUDGE J. PHILIP CALABRESE |
| Plaintiffs, | ) ) | **DEFENDANT CITY OF LORAIN'S MOTION TO DISMISS PLAINTIFFS'** |
| vs. | ) ) | **COMPLAINT OR IN THE ALTERNATIVE STAY THE** |
| CITY OF LORAIN, *et al.* | ) ) ) ) | **PROCEEDINGS AND INCORPORATED MEMORANDUM IN SUPPORT** |
| Defendants. | ) | |

Now comes Defendant City of Lorain, by and through the undersigned counsel, who respectfully move this Honorable Court to dismiss Plaintiffs' Complaint based upon the abstention doctrine or, in the alternative, stay these proceedings. Pursuant to this Honorable Court's standing order, notwithstanding this Motion, Defendant is filing an answer forthwith.

I.  Concurrent State and Federal Actions Seek Resolution of the Same Issues.

"On August 13, 2024, the State of Ohio, by way of the Lorain County Prosecutor's office, filed a criminal complaint against Plaintiffs for contempt under Ohio Rev. Code § 2705.02(A)." (Compl. ¶ 37). That matter remains pending. (Ex. 1, Lorain County Common Pleas Docket No. 24MD000713)[1].

In the state court matter, Plaintiffs contend that the State's action against them "raises significant constitutional challenges." (Ex. 2, *Reply in Support of Opp'n to State's Mot. to Show Cause* at 2).

---

[1] This Court may take judicial notice of public records without converting this motion to a Rule 56 motion. *Whittiker v. Deutsche Bank Nat. Tr. Co.*, 605 F. Supp. 2d 914, 925 (N.D. Ohio 2009)

Plaintiffs additionally defend the state action on the basis of protections they assert arise out of Ohio Rev. Code § 4743.10. *Id.* at 10. Plaintiffs' eighth count in the instant matter arises out of Ohio Rev. Code § 4743.10. (Compl.).

Plaintiffs have additionally brought claims here under 42 U.S.C. § 1983.

On December 31, 2024, Plaintiffs initiated this action. (ECF 1). Concurrent with the filing of their Complaint, Plaintiffs moved this Court for a temporary restraining order to enjoin the City from terminating an agreement between it and Plaintiff Mercy Health – Regional Medical Center, LLC ("Mercy Health"). (ECF 2).

The agreement at issue "permits all appointed and commissioned officers employed by the proprietary Mercy Health Lorain Police Department to engage in police officer duties and activities at, and for the protection of, Mercy Health – Lorain Hospital under Ohio Revised Code § 4973.17(D)(2)(a)-(b)." (Mot. for Temp. Restraining Order at 1; ECF 2, 57). On November 12, 2024, Defendant James McCann, Defendant City of Lorain's Police Chief, transmitted correspondence to Plaintiff Mercy Health purporting to terminate Mercy Health's Police Department, effective January 1, 2025. (Compl. ¶ 44, ECF 1, 12).

The Ohio statute that permits Mercy to maintain a proprietary police department requires that, before any officer employed by such a department engages in any police duties, the "chief of police of the municipal corporation in which the hospital is located" must grant the hospital approval to permit those officers to engage in such police duties. Ohio Rev. Code § 4973.17(D)(2)(a).

The statute further requires that once the police chief has granted such approval, the hospital and police chief must enter into an agreement which "sets forth the standards and criteria to govern the interaction and cooperation between persons appointed as police officers for the hospital under division (D)(1) of this section and law enforcement officers serving the agency represented by the chief of police…" Ohio Rev. Code § 4973.17(D)(2)(b).

The statute provides that officers appointed to serve in a hospital's proprietary police department "shall hold office for three years, unless, for good cause shown, their commission is revoked by the secretary of state or by the hospital, as provided by law." Ohio Rev. Code § 4973.17(D)(4).

Nowhere does the statute provide the police chief with any power to either terminate the hospital's proprietary police force or the officers' commissions.

Few cases have dealt with Ohio Rev. Code § 4973.17 and those that have were primarily focused on whether officers so commissioned were state actors.

The closest any decision has come to deciphering any of the issues raised by the application of § 4973.17 to the instant facts is *Stephens v. Grandview Med. Ctr. Police Dep't*, 2012 WL 1884129 (S.D. Ohio May 22, 2012), report and recommendation adopted, 2012 WL 2115390 (S.D. Ohio June 11, 2012). In *Stephens*, an officer formerly employed by a hospital's proprietary police department sued the hospital, claiming, among other things, that his due process rights were violated when the hospital terminated him. *Id*. The court in *Stephens* found that even a hospital's termination of one of its officers *might* not result in that officer losing his commission. *Id*. at 3.

In short, there is a dearth of guidance as to whether Chief McCann's letter had any legal effect.

There is also a dearth of guidance related to Ohio Rev. Code § 4743.10.[2]

Interpretation of both of the aforementioned statutes is a task currently before the state court.

II. **Abstention Concerns Counsel Dismissal or a Stay.**

"A federal court must abstain from interfering with pending State court proceedings involving important State interests absent extraordinary

---

[2] A Westlaw search on February 12, 2025 yielded zero cases referencing § 4743.10.

3

circumstances..." *Pearson v. Whatley*, No. 1:22-CV-1041, 2022 WL 4273540, at *2 (N.D. Ohio Sept. 15, 2022).

This established principle, that a federal court is not to intervene or interfere with state proceedings, is so fundamental that the Supreme Court of the United States has held that it applies to prevent federal courts from enjoining state civil proceedings akin to criminal prosecutions or which implicate the state's interest in enforcing its orders and court judgments. See, e.g., *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987); *Huffman v. Pursue,* 420 U.S. 592 (1975).

"[A]bstention is appropriate where: (1) State proceedings are ongoing, (2) the State proceedings implicate important State interests, and (3) the State proceedings afford the plaintiff with an adequate opportunity to raise federal questions." *Pearson*, 2022 WL 4273540, at *2 (N.D. Ohio Sept. 15, 2022), citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Leveye v. Metropolitan Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger v. Harris*, 401 U.S. at 43–45).

First, there is no question as to whether state proceedings are ongoing. "On August 13, 2024, the State of Ohio, by way of the Lorain County Prosecutor's office, filed a criminal complaint against Plaintiffs for contempt under Ohio Rev. Code § 2705.02(A)." (Compl. ¶ 37; Ex. 1, Lorain County Common Pleas Docket No. 24MD000713).

Second, as pointed out by a sister court in this Circuit "[c]riminal contempt proceedings have long been considered to be akin to criminal prosecutions" and a "[c]riminal prosecution is the paradigmatic example of an important state interest under the Younger doctrine." *Brakebill v. Moncier*, No. 3:14-CV-105-TAV-CCS, 2014 WL 10212897, at *5 (E.D. Tenn. Dec. 17, 2014).

Third, not only have Plaintiffs not shown that anything prevents them from raising federal questions in the state action, they have actually raised some of the those issues in the state court proceedings.

In opposition to the State's motion to show cause, Plaintiffs raise Ohio Rev. Code § 4743.10(D) as a defense as to why they should not be held in contempt. (Ex. 2, *Reply in Support of Opp'n to State's Mot. to Show Cause* at 10). The interpretation of that statute and the making of factual findings relative to Plaintiffs' conduct is currently before the state court.

*Younger* abstention also counsels against a federal court's interference with the Ohio Secretary of State's authority to establish and maintain authorization of police departments in the State of Ohio. The establishment and maintenance of police forces within a state is a core function of state sovereignty.

Abstention in this case is also warranted to avoid unnecessary duplication of legal proceedings. Plaintiffs are asking this Court to decide issues which are pending in the Lorain County Court of Common Pleas. This Court can take judicial notice that the state court proceedings are on-going and that the parties, not to mention that court, have expended time and effort engaged on legal issues that Plaintiffs now ask this Court to address. Plaintiffs have identified no reason why they are not and will not be afforded a full and fair opportunity to litigate those issues in the state court proceedings.

Lastly, the Ohio Supreme Court has not interpreted either Ohio Rev. Code § 4743.10(D), the religious conscience provision upon which Plaintiffs rely in their defense in the state court action, or Ohio Rev. Code § 4973.17, which governs the establishment of hospital police forces.

Plaintiffs asks this Court to interpret the aforementioned statues, a task already in front of a state court.

### III.   Conclusion

For the foregoing reasons, Defendant City of Lorain respectfully requests that this Honorable Court issue an order dismissing this case without prejudice or, in the alternative, issue an order staying this case until the completion of all relevant judicial and administrative proceedings in the State of Ohio.

                    Respectfully submitted,

                    *s/ Peter C. Mapley*
                    Peter C. Mapley (0092359)
                    Sean H. Sobel (0086905)
                    Claire I. Wade (0093714)
                    **SOBEL, WADE & MAPLEY, LLC**
                    65 Erieview Plaza, #610
                    Cleveland, Ohio 44114
                    (216) 223-7213
                    mapley@swmlawfirm.com
                    sobel@swmlawfirm.com
                    wade@swmlawfirm.com

                    *Counsel for Defendant City of Lorain*


                    *s/ Nicholas E. Froning*
                    Nicholas E. Froning (0091755)
                    Richard S. Koblentz (0002677)
                    Stephen W. Gard, Of Counsel (0001150)
                    **Koblentz, Penvose & Froning, LLC**
                    3 Summit Park Drive, Suite 440
                    Cleveland, Ohio 44131
                    (216) 621-3012
                    nick@koblentzlaw.com
                    rich@koblentzlaw.com
                    Stephen.gard@yahoo.com

                    *Counsel for Defendant City of Lorain*

## CERTIFICATE OF SERVICE

      I certify that the foregoing is being filed this 12th day of February, 2025 via the Court's electronic filing system and that notice upon all parties will be effectuated by operation thereof.

                                               *s/ Peter C. Mapley*
                                               Peter C. Mapley (0092359)